

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES FREDREGILL, | § | |
| *Plaintiff,* | § | |
| V. | § | CIVIL ACTION NO. 9:04-CV-198 |
| UNITED STATES OF AMERICA, et al., | § | |
| *Defendants.* | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant Settlement Capital Corporation's Motion for Reconsideration* [Clerk's Docket No. 31] and all other jurisdictional briefing. Having considered the motions and briefing, and conducted a hearing on same, the Court is of the opinion that the *Motion for Reconsideration* should be GRANTED. The Court determines that this action is jurisdictionally deficient and should be DISMISSED.

## *Procedural Background*

Plaintiff, James A. Fredregill ("Fredregill"), settled a medical malpractice action against the United States for $750,000. That suit arose out of Mr. Fredregill's treatment at the Veteran's Administration hospital in Houston, Texas. In 1991, as part of the settlement, the United States purchased an annuity and made Fredregill the beneficiary. The United States retained ownership of the annuity.

In 2000, Defendant Settlement Capital Corporation ("SCC") and Fredregill entered into a $73,850.00 loan transaction, the facts of which are disputed by Fredregill and SCC. In 2002, SCC filed suit against Fredregill in the state district court of Angelina County, cause No. 34,940-02-01, *Settlement Capital Corporation v. James Autry Fredregill* ("the state court case"). SCC pursued breach of contract, conversion, unjust enrichment, declaratory judgment, and permanent injunction claims against Fredregill. After substantial briefing and numerous hearings, Judge White granted SCC's *Motion for Summary Judgment* against Fredregill and awarded damages of $96,957.10, including interest and attorney's fees. Importantly, Judge White's final judgment denied all relief not expressly granted in the final judgment.

Before the final judgment was entered, Fredregill, without notice to the state district court, filed for Chapter 13 Bankruptcy protection on March 2, 2004. After Judge White entered the final judgment in the state court case, Fredregill moved for voluntarily dismissal of his Chapter 13 case. The Honorable Bill Parker, Chief Judge of the United States Bankruptcy Court for the Eastern District of Texas, granted Fredregill's motion for voluntary dismissal.

Fredregill filed his Original Complaint with the Court on September 24, 2004. The Complaint alleges that the Court has jurisdiction over this matter under 28 U.S.C. §1331, 1332(a)(1), and §1346. Fredregill's Complaint seeks a declaratory judgment that SCC is not entitled to receive Annuity payments, that the United States of America is not compelled to change the designated annuitant or annuitant's address, that the United States is the owner of the annuity policy and that no annuity assignments to SCC can be authorized, and that the purported assignment of the annuity to SCC is null and void.

At a prior oral hearing, Fredregill argued for the first time that the Court had statutory interpleader jurisdiction over this action by virtue of *Peoples Benefit Life Insurance Company's Answer, Affirmative Defenses, and Counterclaim/Cross-Claim* [Doc. #6]. The Court granted the United States additional time to file counter or cross claims and requested the parties to brief the interpleader issue. The parties failed to do so at the time. With this backdrop, the Court exercised statutory interpleader jurisdiction over this action [Doc. #24].

### *Jurisdiction Over This Civil Action*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994). Courts must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Federal district courts have original jurisdiction over civil actions under two grants of power from Congress: diversity and federal question jurisdiction. *See Nauru Phosphate Royalties, Inc. V. Drago Daic Interests, Inc.*, 138 F.3d 160, 163 (5th Cir. 1998).

*Diversity Jurisdiction*

Fredregill's complaint alleges diversity jurisdiction under 28 U.S.C. §1332(a)(1). Since 1806, federal diversity cases have been interpreted to require "complete diversity," meaning that no party on one side of a controversy is allowed to be a citizen of the same state as a party on the other side. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2. L. Ed. 435 (1806); *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Fredregill's complaint identifies defendant SCC as a "Texas corporation." Since complete diversity is lacking in this matter, the Court finds that there is no diversity jurisdiction.

*Federal Question Jurisdiction*

Federal district courts also have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. A court determines whether a case "arises under federal law" by looking to whether the "plaintiff's *well-pleaded complaint* raises issues of *federal law*." *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2002) (emphasis added). The general approach was announced by Justice Holmes in *American Well Works Co. v. Layne & Bowler Co.*: a "suit arises under the law that creates the cause of action." 241 U.S. 257 (1916). Additionally, a complaint also creates federal question jurisdiction when a state law cause of action involves: (1) a federal right that is an essential element of the state claim; (2) interpretation of the federal right is necessary to resolve a case; and (3) the question of federal law is substantial. *Howery*, 243 F.3d at 917.

*28 U.S.C. §1331*

Fredregill's complaint seeks numerous declaratory judgments from the Court. However, it is well settled that the Declaratory Judgment Act does not itself confer subject matter jurisdiction. *See Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). To have federal subject matter jurisdiction in this matter, Fredregill's claims must either be created by federal statute or involve a state action with an essential and substantial federal right. The court finds neither requirement present in this matter.

Although Fredregill alludes to the Federal Tort Claims Act ("FTCA") in his complaint and papers, that statute was relevant only to his original medical malpractice lawsuit that gave rise to the settlement annuity. The FTCA creates no right of recovery or cause of action in an annuity dispute between two Texas claimants.

*28 U.S.C. § 1346*

Fredregill baldly asserts jurisdiction under 28 U.S.C. § 1346 without identifying which, if any, of 28 U.S.C. § 1346's subsections apply. The Court must therefore analyze each subsection in turn.

1. 28 U.S.C. §1346(a)(1). This section does not apply here because 1346(a)(1) involves suits against the United States to recover internal-revenue taxes.

2. 28 U.S.C. §1346(a)(2). This section is commonly referred to as the Tucker Act. It grants jurisdiction to district courts for actions against the United States when damages are less than $10,000. 28 U.S.C. §1346(a)(2) is inapplicable to this case because it only applies only to suits for money damages. *See Hunsucker v. Phinney*, 497 F.2d 29, 36 (5th Cir. 1974).

3. 28 U.S.C §1346(b)(1). This section is commonly referred to as the Federal Tort Claims Act. Regardless of Fredregill's original medical malpractice action, the current suit seeks declaratory relief only. It involves no damages claim against the United States for personal or property injury through negligent or wrongful acts or omissions by a government employee.

4. 28 U.S.C. §1346(b)(2). This section contemplates conditions under which incarcerated felons may bring a civil action. It obviously does not apply.

5. 28 U.S.C. §1346(c). 1346(c) involves jurisdiction over set-offs, counterclaims, or any other claims by the United States against plaintiffs bringing suit under 28 U.S.C. §1346. The United States, after being given ample time by the Court, has affirmatively decided not to bring a counterclaim or crossclaim in this matter. *See* [Doc. #80, p.8]. This civil action is not subject to 28 U.S.C. §1346(c).

6. 28 U.S.C. § 1346(d) involves jurisdiction over pension claims and is not applicable.

7. 28 U.S.C. §1346(e) involves jurisdiction over various sections of the Internal Revenue Code of 1986 and does not apply.

8. 28 U.S.C. §1346(f) cannot apply because it involves a suit to quiet title or certain interests in real property claimed by the United States.

9. 28 U.S.C. §1346(g) involves only actions under section 453(2) of title 3 by a "covered employee," and this case involves no such person or subject matter.

Because no section of 28 U.S.C. §1346 contemplates the declaratory relief sought by Fredregill, there is no federal subject matter jurisdiction present under §1346.

*28 U.S.C. §1335: Statutory Interpleader*

Defendant Peoples Benefit Life Insurance Company ("Peoples") filed the interpleader counterclaim in this action under 28 U.S.C. §1335. 28 U.S.C. §1335 provides jurisdiction for an interpleader action when there are "two or more adverse claimants, of diverse citizenship." Since the seminal case of *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967), statutory interpleader jurisdiction has only required diversity between "two or more claimants, without regard to other co-citizen claimants." *Id.* at 530. The plain reading of this principle is that minimal diversity is satisfied if any two claimants are diverse.

Here, Peoples has affirmatively stated that it is disinterested and not a claimant to the annuity proceeds [Doc. #6, p. 6]. Since it is not a claimant, Peoples does not factor into the minimal diversity analysis. The United States does not claim an entitlement to the interpleaded funds, and, just as importantly, it cannot be considered for purposes of diversity jurisdiction. *See Kent v. United States*, 497 F.2d 1325, 1327 (9th Cir. 1974)("The United States, for the purposes of the interpleader statute, is not a citizen of any state.") Only Fredregill and SCC remain as claimants, and they are both citizens of Texas. The Court finds that the minimal diversity required is not present.

The Court is compelled to further highlight factors that make statutory interpleader

improper in this case. Peoples has attempted to interplead the United States. However, it remains true that jurisdiction over the United States exists only where specific congressional consent for the government to be sued has been given, regardless of whether the claim is an original action or a counterclaim. *See United States v. Sanitary Dairy Products, Inc.*, 211 F.Supp. 185, 187 (D.C. La. 1962). The interpleader statute does not waive the United States' sovereign immunity. *See Coastal Rehabilitation Services, P.A. v. Cooper*, 255 F.Supp.2d 556 (D.S.C. 2003)(citing *Ky. ex rel. United Pac. Ins. Co. v. Laurel County*, 805 F.2d 628, 636 (6th Cir. 1986)("[t]he United States may not be required to interplead when it has not waived its sovereign immunity.") The Court finds that the United States has not waived its sovereign immunity, providing another reason why statutory interpleader jurisdiction is improper.

Finally, the Court notes that federal question jurisdiction must always appear on the face of the "well-pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 72 (5th Cir. 2003). A defendant's counterclaim can never vest a federal court with original jurisdiction. *See, e.g., State of Tex. v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998). The conceptual notion underlying this rule is that "unless the initial pleading is sufficient to invoke the jurisdiction of the court, the court lacks power to require responsive pleadings or take" other actions in the case. *See* C. Wright & M. Kane, *Law of Federal Courts* 111 (6th ed. 2002). Peoples's interpleader counterclaim can not vest this Court with jurisdiction.

*Final Considerations Compelling Dismissal of this Action*

In light of the Final Judgment in the state court case in Angelina County, the Court is concerned with Fredregill's requests for declaratory relief in this federal forum. Judge White had both Fredregill and SCC before him in his court, both Fredregill and SCC were represented by counsel, and the dispute there was over the same annuity transaction that Fredregill seeks declaratory relief upon here. Significantly, there are no substantial issues of federal law involved in Fredregill's dispute. Either the annuity purchase between Fredregill and SCC, two Texas citizens, was valid or it was not. But this determination turns on Texas law and not federal law. A "district court might be indulging in gratuitous interference . . . if it" permits [a] federal declaratory action to proceed" under such circumstances. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

The Fifth Circuit follows a "first-filed" rule when suits concerning the same subject matter are pending in different courts. *See, e.g., West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985); *Municipal Energy Agency v. Big Rivers Electric Corp.*, 804 F.2d 338, 343 (5th Cir. 1986). There is no question that the state court case was filed first and that the Final Judgment denied all relief not specifically granted. *See, e.g., North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex. 1966). However, because of Fredregill's bankruptcy maneuvering, there may be a question as to the validity of the state court final judgment.

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of the "commencement or *continuation*" of all non-bankruptcy judicial proceedings

5

against the debtor. 11 U.S.C. §362(a)(1)(emphasis added). This stay is automatic upon the filing of a bankruptcy petition. *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1st Cir. 1997). The Fifth Circuit has directly stated that court actions in violation of the automatic stay are "merely 'voidable' and subject to discretionary 'cure.'" *In Re Coho Resources, Inc.*, 345 F.3d 338, (5th Cir. 2003). This legal principle "rests on the bankruptcy court's statutory power to annul the automatic stay, ie., to 'lift the automatic stay retroactively and thereby validate actions which otherwise would be void.'" *Id.*, citing *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989) and *Soares*, 107 F.3d at 976.

Both SCC and Fredregill agree that the state court judgment is final and non-appealable [Doc. 31-2, p. 51]. But agreement of the parties does not, in and of itself, resolve the jurisdictional issues in this matter. If the state court final judgment is valid, it would be improper for the Court to sit as a an appellate court over the District Court of Angelina County. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (both cases underpin the "*Rooker-Feldman*" doctrine). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court clarified the role of district courts in cases very similar to this. It stated:

> Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints . . . essentially invited federal courts . . . to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject matter jurisdiction.

*Exxon Mobil Corp.*, 544 U.S. at __, 125 S.Ct. at 1521-22.

If the state court final judgment is invalid, the Court is confident that the bankruptcy court has the power to annul the automatic stay and that annulling the stay would validate the state court judgment. Under either scenario--whether the state court judgment is valid or invalid--the proper place for Fredregill and SCC to continue to litigate this dispute is outside of this Court. This action must be wholly dismissed for want of subject matter jurisdiction.

## ORDER

**IT IS THEREFORE ORDERED** that *Defendant Settlement Capital Corporation's Motion for Reconsideration* [Clerk's Docket No. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that this civil action is completely **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return all interpleader funds

deposited into the Court's registry to Defendant People's Benefit Life Insurance Company.

**IT IS FURTHER ORDERED** that the hearing scheduled for February 13, 2006, in Beaumont, Texas, is cancelled.

**IT IS FURTHER ORDERED** that each party shall bear their own costs and attorney's fees.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED** this the **10** day of **February, 2006.**

_____
Thad Heartfield
United States District Judge